# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEREMY E. SIGAL, | Case No. 2:20-cv-00755-RFB-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| WENDY REMMERS, an individual; SERGEANT NEDZA, an individual; MICHAEL SWEETEN, an individual; LIEUTENANT JACKSON, an individual; SHELY CARRAO, an individual; ANNE CARPENTER, an individual; OFFICER NORDGREN, an individual; OFFICER WOODWARD, an individual; BRIAN WILLIAMS, an individual; JENNIFER NASH, an individual; HUBBARD-PICKETT, an individual; CCS TERNES MANUEL PORTILLO, an individual; DWAYNE DEAL, an induvial; DOES I through X and ROE CORPORATIONS I through X, inclusive, | |
| Defendants. | |

This is a motion arising out of the removal of this case during Plaintiff's service of summons. Plaintiff moves for the Court to set deadlines that the Federal Rules of Civil Procedure already provide. Plaintiff's motion—unopposed by Defendants Anne Carpenter, Michael Sweeten, Shelly Carrao, Michele Jackson, Dwayne Deal, Monique Hubbard-Pickett, Brian Williams, Jeremy Bean, Troy Ternes, Manuel Portillo, and Jennifer Nash (the "Served Defendants")—is effectively a request for an extension. Although the parties have ignored the rules, the Court sets a 45-day deadline from the date of this Order for Plaintiff to finish serving the remaining defendants. The Court also sets a 21-day deadline from the date of this Order for the Served Defendants to respond. This matter is properly decided without a hearing. *See* LR 78-1.

## I. BACKGROUND

This is the parties' second request for the Court to set deadlines. The parties initially requested that the Court "set a 90-day deadline for Plaintiff to complete service on the remaining unserved Defendants…[and] a 60[-]day deadline for [the Served Defendants] to file a response to the Complaint." (ECF No. 11). The parties couched this request as a Joint Status Report and, after filing it, stopped working on the matter altogether for over a year.

After receiving notice under Local Rule 41-1 that the Court would enter dismissal for want of prosecution, Plaintiff filed the instant motion (ECF No. 13), again requesting 90 days to serve the remaining defendants and 60 days for the Served Defendants to respond. Plaintiff asserts that "The Federal Rules of Civil Procedure are vague and unclear" such that "the Parties need an Order from the Court" providing a deadline to serve the remaining defendants and for the Served Defendants to file a response. (ECF No. 13).

## II. DISCUSSION

Contrary to the parties' assertions, the Federal Rules are clear. Plaintiff had 90 days from removal to serve defendants. *See* Fed. R. Civ. P. 4(m); *see Vasquez v. N. Cnty Transit Dist.*, 292 F.3d 1049 (9th Cir. 2002) (interpreting Fed. R. Civ. P. 4(m) prior to its 2015 amendment and reasoning that the time frame for service began with removal). The Served Defendants had 21 days after being served to file their responses. *See* Fed. R. Civ. P. 81(c)(2). For the remaining defendants, Plaintiff should have referred to 28 U.S.C. § 1448, which describes how to effectuate service on defendants in various stages of being served during removal. *See* 28 U.S.C. § 1448; *see Beecher v. Wallace*, 381 F.2d 372, 372 (9th Cir. 1967).

Despite the rules' clarity, the parties have missed these deadlines and their request that the court "provide some clarification," is effectively a request for an extension. The Court may grant an extension even after a deadline has passed. *See* LR IA 6-1. But the party seeking that extension must demonstrate that the failure to file before the deadline expired was the result of excusable neglect. *See id.* Ignorance of court rules is not excusable. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997); *see Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 886-

87 (9th Cir. 2011). On balance, the Ninth Circuit maintains a "commitment to deciding cases on the merits wherever possible." *U.S. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010).

The parties are obligated to follow the Federal Rules of Civil Procedure and the Local Rules in litigating this matter. The Court will not tolerate future oversights of clear rules. However, in the interest of moving this case forward, and in deciding the case on its merits,

IT IS HEREBY ORDERED that Defendant's Motion to for Answer/Responsive Pleading and Service Deadlines and for Related Relief (ECF No. 13) is **denied.**

IT IS FURTHER ORDERED that the Plaintiff has 45 days from the date of this Order to complete service on the remaining defendants.

IT IS FURTHER ORDERED that the Served Defendants have 21 days from the date of this Order to file responsive pleadings.

DATED: June 3, 2021.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE